**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| BRYANT ARON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. |
| | ) |
| CITY OF FORT WAYNE, | ) |
| ALLEN COUNTY SHERIFF DAVID GLADIEUX | ) |
| N. LICHTSINN (#1794F), and | ) |
| CHRISTOPHER HOFFMAN | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff alleges against Defendant that:

1. Plaintiff is Bryant Aron, a resident of Albion Indiana, who was present in Allen County, Fort Wayne Indiana at the time of the events leading to this lawsuit.

2. The City of Fort Wayne and the Allen County Sheriff David Gladieux and each of them are named as Defendants in their representative capacity. At all material times to this Complaint the City and Sheriff employed police officers that, while acting within the scope of their employment, subjected the Plaintiff to unreasonable force constituting state tort battery. As their employer, the City and Sheriff are each liable based upon the doctrine of *respondeat superior,* for the state torts to which their employees subjected the Plaintiff.

3. Defendants include City of Fort Wayne, Officer N. Lichtsinn (#1794F), and City and/or Sheriff's personnel Sgt. Christopher Hoffman, as well as Officers John Does/Jane Does. The individually named police personnel and each of them, are named in their

–1–

individual capacity pursuant to 42 U.S.C. § 1983. At all material times to this Complaint, the Defendants and each of them were acting within the scope of their employment and under color of law when they subjected the Plaintiff to excessive and unreasonable force in violation of his right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution and § 1983.

4. Plaintiff issued a Tort Claim Notice on November 1, 2019, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit A. All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

5. On March 27, 2019, around 2:10am, the Plaintiff was a passenger in a vehicle driven by his girlfriend. As they travelled through Fort Wayne in the area of Spring and Wells streets, by information and belief Officer N. Lichtsinn, Sgt. Christopher Hoffman, and City and Sheriff's personnel John Does/Jane Does initiated a traffic stop of the vehicle. The stop was purportedly due to failure to properly signal a turn, and an alleged non-working license plate light. The Plaintiff denies either allegation, however.

6. During the stop, the Plaintiff was asked for his identification. He promptly produced it. He then heard Sgt. Hoffman say "that's Bryant, pull him out". The officer requesting the Plaintiff's identification then opened the car door, and the Plaintiff exited the vehicle.

7. The Plaintiff was then placed in handcuffs by Officer Lichtsinn or Officer John/Jane Does. Officers then shoved the Plaintiff against the car, and searched him.

8. The Plaintiff was transported to jail by Sgt. Hoffman, and remained in the handcuffs until after Plaintiff's arrival at the jail.

9. The Plaintiff was charged with violation of privacy, relating to a previous no-contact order that had been issued on behalf his girlfriend (who was the driver of the car that had been pulled over). The charge was dismissed later that same day.

10. Although the Plaintiff remained compliant and cooperative with Defendants Lichtsinn, Hoffman, and other police personnel on scene and during the transport to jail, they placed and/or kept the Plaintiff in over-tight handcuffs, causing needless prolonged pain and injury to the Plaintiff's wrists. At no time during the vehicle stop, or transport to the Allen County Jail, were the over-tight cuffs loosened or adjusted.

11. The Plaintiff contends that the individually named Defendants, and each of them, along with additional City and Sheriff's law enforcement personnel, subjected the Plaintiff to excessive and unreasonable force by placing the Plaintiff into over-tight handcuffs and/or keeping him in the over-tight handcuffs for a prolonged period of time, in violation of the Plaintiff's right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution and § 1983.

12. The excessive force used in handcuffing and retaining the Plaintiff in over-tight handcuffs furthermore constituted state tort battery, in violation of the Plaintiff's rights under the laws and public policies of the state of Indiana. As the employer of the law enforcement personnel that subjected the Plaintiff to the battery, the Defendant City of Fort Wayne and Allen County Sheriff are liable to the Plaintiff for the battery under the doctrine of *respondeat superior*.

13. The complained of conduct of the Defendants and each of them, was the direct and proximate cause of the Plaintiff suffering physical pain, injury, inconvenience, mental anguish, emotional distress, and other damages and injuries.

14. The complained of conduct of the Defendants and each of them, was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the Fourth Amendment to the United States Constitution and § 1983. Imposition of punitive damages is appropriate (where available).

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants, and each of them, for compensatory damages, punitive damages (where available), reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ *Christopher C. Myers*
Christopher C. Myers, #10043-02
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:   cmyers@myers-law.com
*Counsel for Plaintiff*

11/2/20
IMS/lkk